**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant.**

**No. CIV. A. 95–133(RCL).**

United States District Court, District of Columbia.

Aug. 15, 2000.

Larry Klayman, Paul Orfanedes, Judicial Watch, Inc., Washington, DC, for Plaintiff.

Reid H. Weingarten, William T. Hassler, Brian M. Heberlig, Steptoe & Johnson LLP, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the court on Third–Party Witness Yah Lin Trie's Response to the court's May 25, 2000 Order to Show Cause why he should not be held in contempt for his failure to produce documents at his deposition on March 28–30, 2000 in Washington, D.C. Upon consideration of Mr. Trie's response to the order to show cause, plaintiff Judicial Watch's opposition thereto, the applicable law, and for the reasons set forth below, the court shall DISMISS the order to show cause.

## I. BACKGROUND

Yah Lin ("Charlie") Trie, a non-party witness in this case, was one of the central figures investigated and prosecuted by the Department of Justice's Campaign Financing Task Force ("CFTF"). In May 1999, Trie pled guilty pursuant to a plea agreement with the CFTF to one count of causing a false statement to be made to the Federal Election Commission and one count of making a contribution in the name of another. *See* 18 U.S.C. §§ 2(b) & 1001; 2 U.S.C. §§ 441f & 437g(d)(1)(A).

In this Freedom of Information Act case, plaintiff Judicial Watch seeks the production of documents from Trie because it contends that Trie was a principal actor involved in the illegal sale of seats on various Department of Commerce trade missions. On March 28–30, 2000, Trie's deposition was held in Magistrate Judge Facciola's chambers in Washington, D.C. At the deposition, Judicial Watch requested that Trie produce documents subject to a subpoena duces tecum for a February 18, 2000 production in Little Rock, Arkansas. At the deposition, Trie's counsel objected to producing any documents, contending that because the document requests

called for documents "relating to" various trade missions, the act of producing responsive materials could be testimonial and therefore, Trie was privileged from producing such documents under the Fifth Amendment.

At the close of the deposition, Judge Facciola issued a Report and Recommendation that this court issue an order to show cause why Trie should not be held in contempt for his failure to produce the subpoenaed documents. In so recommending, the Magistrate indicated that

> "Charlie Trie was served with the attached subpoena duces tecum which required him to produce certain documents at his deposition. Mr. Trie, however, did not produce the documents and noted for the record that he was privileged not to do so by the Fifth Amendment."

Report and Recommendation, April 5, 2000, at 1. The subpoena attached to the Report was issued on February 10, 2000 for a February 23, 2000 deposition in Washington, D.C. Trie did not file any objections to the Magistrate's Report,[1] which this court adopted in issuing the show cause order.

In his response to the court's order to show cause, Trie presents two fundamental bases for his refusal to produce documents subject to the subpoena duces tecum in question. First, he maintains that he was privileged to do so under *United States v. Hubbell*, 530 U.S. 27, 120 S.Ct. 2037, 2047, 147 L.Ed.2d 24 (2000), where the Supreme Court held that the Fifth Amendment privilege against self-incrimination applies with equal force to the testimonial aspects of responding to a subpoena. Second, Trie argues that he was under no obligation to produce any documents at his deposition as he was never properly served with a valid subpoena, having agreed through his counsel to appear voluntarily for the March 2000 deposition in Washington, D.C.

In response, Judicial Watch maintains that the subpoena is valid and contends that Trie has waived any objection to the subpoena duces tecum, having failed to make written objection within 14 days of service of the subpoena. Plaintiff further advances that Trie has no basis for claiming the privilege against self-incrimination and construes his plea agreement as foreclosing any likely future prosecution. Judicial Watch urges the court to find Trie in contempt for his failure to produce the documents at his deposition and asks the court to order Trie to produce such documents. Judicial Watch also seek sanctions and costs.

## II. DISCUSSION

■■■ The court begins by addressing Trie's assertion that he had no obligation to produce the requested documents because he was never served with the subpoena duces tecum. First, the court notes that Trie failed to object to the document requests in writing within 14 days as required by Rule 45. Fed. R.Civ.P. 45(c)(2)(B); *see Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996) (stating that failure to file written objections to subpoenas duces tecum within 14 days ordinarily results in waiver). In addition, the court finds that by voluntarily appearing at the Washington, D.C. deposition, Trie waived any objection to the subpoena based upon lack of service. Notably, based on the record before the court, Trie made no objection to the document requests based on defective service at the time of the deposition. *See* Transcript, Deposition of Yah Lin Trie, Thursday, March 30, 2000, at 375. And finally, Trie waived any objection to the facts set forth in the Magistrate's report, which represented that Trie had been served with a subpoena duces tecum, by failing to file any objections to the Magistrate Judge's report.

■■■ The court now turns to Trie's assertion of the Fifth Amendment privilege under *United States v. Hubbell*, 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). Ordinarily, as noted above, the failure to object to a subpoena duces tecum in writing within 14 days of service results in waiver of those objections. *See* Fed.R.Civ.P. 45(c)(2)(B); *see also* Fed.R.Civ.P. 45(d)(2) ("When information subject to a subpoena is withheld on a

---

1. Local Rule 72.3(b) requires any objections to the findings and recommendations of a magis-

trate judge to be filed within 10 days. D.C. L.CvR. 72.3(b).

claim that it is privileged ... the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim."); *Concord Boat,* 169 F.R.D. at 48. In certain instances, however, courts have found that failure to act timely will not bar consideration of such objections, such as where the subpoenaed witness is a non-party acting in good faith and counsel for the witness and the requesting party were in contact prior to the time of the witness's challenge to the legal basis of the subpoena. *Id.* Moreover, waiver of a right as fundamental as the Fifth Amendment privilege against self-incrimination "is not lightly to be inferred," *Emspak v. United States,* 349 U.S. 190, 196, 75 S.Ct. 687, 99 L.Ed. 997 (1955), and courts "must indulge every reasonable presumption against waiver." *Id.* at 198, 75 S.Ct. 687; *see also In re DG Acquisition Corp. v. Dabah,* 151 F.3d 75, 81 (2d Cir.1998) (noting that "where a constitutional privilege is involved a trial court possesses the discretion not to find waiver"). Thus, even if the court were to conclude that, rather than a waiver of service, as occurred here, service was, in fact, properly made upon Trie, the court would nevertheless sustain Trie's objection to the subpoena duces tecum based on Fifth Amendment privilege under *United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 2047, 147 L.Ed.2d 24 (2000).

In *Hubbell,* the Supreme Court noted that "the act of producing documents in response to a subpoena may have a compelled testimonial aspect." 120 S.Ct. at 2047. In particular, the Court noted that "[b]y producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic." *Id.; see also In re Sealed Case,* 877 F.2d 83, 85 (D.C.Cir.1989) (stating that "the 'act of production' of incriminating evidence may be protected by the Fifth Amendment where the act would have independent testimonial significance"). The subpoena duces tecum at issue in *Hubbell* called for the production of " '[a]ny and all documents reflecting, referring or relating to' a variety of enumerated topics." *Hubbell,*

120 S.Ct. at 2048–49. The Court held that the Fifth Amendment privilege protects a witness from being compelled to produce documents in response to a subpoena seeking discovery of sources of potentially incriminating evidence because the act of production could provide a "link in the chain of evidence needed to prosecute". *Id.* at 2046 (noting that the assembly of material responsive to such broad document requests "is the functional equivalent of the preparation of an answer to either a detailed written interrogatory or a series of oral questions at a discovery deposition.").

■ Here, Judicial Watch seeks documents relating to the alleged illegal sale of seats on Department of Commerce trade missions. Specifically, one of the document requests at issue asks Trie to produce "[a]ny and all documents and things that refer or relate in any way to the Department of Commerce Secretarial trade missions." Under *Hubbell,* this request would call for a testimonial response from Mr. Trie. Aside from attesting to the authenticity and source of any documents he produced, by responding to such a broad request, Trie would be called upon to conclude whether a document "relates to" the various subject categories. In doing so, Trie might determine that a document "relates to" Department of Commerce trade missions, while, on its face, the document does not refer to or make any mention of—direct or oblique—the Department of Commerce trade missions. Thus, if required to produce documents in response to these requests, Trie could be compelled to provide potentially incriminating information. While Trie has already pled guilty to two federal criminal charges based on one political contribution, the testimony sought by Judicial Watch could reasonably implicate Trie in other crimes to which he has not pled guilty and for which the statute of limitations has not run. For example, the five-year federal statute of limitations on events relating to the 1996 election will not expire until 2001. *See* 18 U.S.C. § 3282. Moreover, contrary to Judicial Watch's assertions, the plea agreement between Trie and the Campaign Finance Task Force expressly provides Trie with use immunity, not transactional immuni-

**4**

ty, and is limited to statements made by Trie to the Task Force in reliance on the plea agreement. Thus, any response by Trie to Judicial Watch's request that implicates Trie in crimes for which he did not plead guilty would constitute independent information that could be used in a subsequent criminal prosecution. As such, the court finds that it is legally possible for Trie to face future criminal charges, *see In re Corrugated Container Antitrust Litig.,* 662 F.2d 875, 883 (D.C.Cir.1981) (noting that ability to invoke Fifth Amendment "does not depend on the likelihood but upon the possibility of prosecution"), and therefore, he properly declined to produce the requested documents under the Fifth Amendment privilege against self-incrimination.

## III. CONCLUSION

For the forgoing reasons, it is hereby

ORDERED that the order to show cause shall be DISMISSED.

Plaintiff's motion for sanctions and costs is hereby DENIED.

SO ORDERED.

